J-S67028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VANDER CLAYBORNE | : | |
| | : | |
| Appellant | : | No. 1816 EDA 2018 |

Appeal from the PCRA Order Entered May 29, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0009696-1990

BEFORE:   OTT, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED NOVEMBER 19, 2018**

Appellant Vander Clayborne appeals *pro se* from the order dismissing his fifth Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, petition seeking relief from his 1994 conviction for murder of the first degree. Appellant claims that he is entitled to relief from the PCRA time bar because of governmental interference and newly discovered facts.  Appellant also asserts that he is being detained without a written sentencing order.  We affirm.

The PCRA court summarized the procedural history of this matter as follows:

> On October 3, 1991, [Appellant] entered a guilty plea to murder generally for the killing of Jeffrey Savage and to aggravated assault for shooting Raymond Craig. The Honorable Judge Frank T. Hazel held a non-jury degree of guilt hearing from October 7,

_____

[*] Retired Senior Judge assigned to the Superior Court.

1991-October 9, 1991 and found [Appellant] guilty of first degree murder. A jury was empaneled for the death penalty phase but was unable to reach a unanimous verdict. As a result, on September 14, 1992, [Appellant] was sentenced to a term of life imprisonment plus 78-240 months' incarceration.

[Appellant] filed a direct appeal and on August 9, 1993, the Pennsylvania Superior Court affirmed [Appellant]'s judgment of sentence by memorandum opinion. On December 15, 1994, the Pennsylvania Supreme Court denied [Appellant]'s petition for allowance of appeal. On April 18, 1995, [Appellant] filed a PCRA petition. Counsel was appointed and on May 22, 1995, filed an amended petition. An evidentiary hearing took place on June 12, 1995[.] The PCRA court denied the petition.

On July 28, 2011, [Appellant] filed a petition entitled "Petition for Writ of Habeas Corpus and Declaratory Judgment." The court treated the petition as a second PCRA. On August 22, 2011, the PCRA court filed its notice of intent to dismiss without a hearing based upon its finding that the petition was untimely and that [Appellant] failed to satisfy any of the exceptions to the time bar. [Appellant] responded to the notice of intent to dismiss on September 28, 2011 and the petition was dismissed on September 29, 2011. [Appellant] filed a notice of appeal on December 13, 2011. The Pennsylvania Superior Court affirmed the dismissal on December 12, 2012. On January 17, 2013, [Appellant] filed an application for reconsideration, which was denied on March 14, 2013.

On July 25, 2014, [Appellant] filed a Petition, entitled "Petition for Writ of Habeas Corpus, with Motion to Vacate Waivers and Judgment of Conviction/Sentence." The case was reassigned to th[e currently presiding PCRA judge]. [Appellant] raised claims of ineffective assistance of counsel as well as an illegal sentence claim; therefore, th[e PCRA c]ourt treated the motion as [Appellant]'s third PCRA Petition. On September 15, 2014, th[e PCRA c]ourt issued a notice of intent to dismiss without a hearing. [Appellant] responded on October 7, 2014. On October 8, 2014, th[e PCRA c]ourt issued an Order dismissing the Petition. [Appellant] filed a notice of appeal on November 6, 2014.

On June 8, 2015, the Pennsylvania Superior Court affirmed th[e PCRA c]ourt's dismissal of Appellant's untimely third PCRA petition. On June 24, 2015, Appellant filed an Application for Re-argument/Reconsideration which was denied on August 6, 2015.

- 2 -

On August 17, 2015, a mere eleven days after the Superior Court's denial of Appellant's reconsideration application, Appellant filed a "Motion to Renew PCRA/Habeas Petition" which th[e PCRA c]ourt treated as his fourth PCRA Petition. Appellant raised the exact same issued that were in his third PCRA Petition but added that he was entitled to relief pursuant to **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015).

Th[e PCRA c]ourt issued a notice of intent to dismiss on August 18, 2015. [Appellant] wrote to th[e PCRA c]ourt and asked for additional time to file a response, which th[e PCRA c]ourt granted. Appellant filed a response on September 8, 2015. On October 22, 2015, th[e PCRA c]ourt dismissed the Petition. On November 6, 2015, Appellant filed a notice of appeal. On August 19, 2016, the Superior Court affirmed the dismissal of Appellant's Petition.

On July 28, 2017, [while Appellant's appeal from the dismissal of his fourth petition was pending,] Appellant filed a "Notice of Appeal-Habeas Corpus" Petition with the Delaware County Office of Judicial Support. As such, the Petition was docketed as a Notice of Appeal. Th[e PCRA c]ourt could not ascertain what order Appellant was seeking to appeal. In addition, th[e PCRA c]ourt noted that Appellant insisted that his arguments need to be heard by the Pennsylvania Supreme Court; however, the Supreme Court denied his petition for appeal in 1994 and nothing about Appellant's case, legally or factually, has changed since then. Appellant simply continued to raise the exact same issues that have been consistently denied since 1993. The P[ennsylvania] Superior Court quashed the appeal for the reasons stated above. While [that decision was] pending, [Appellant] filed a "Motion to Renew PCRA Briefs" twice on the Superior Court docket, which the Superior Court denied as Moot.

PCRA Ct. Op., 6/20/18, at 2-4.

On April 20, 2018, the PCRA court docketed Appellant's instant *pro se* "petition for motion to renew PCRA brief to show cause." Appellant asserted that he was "detained illegally and against his will in violation of the Pennsylvania Constitution," that the trial court lacked jurisdiction to convict him, and that all prior counsel abandoned him. Appellant's Pet., 4/20/18, at

2. Additionally, Appellant requested the "release of public records, right to know law office of open records B9, 10, 25 pursuant to unconstitutional authority" and the recusal of the PCRA judge. *Id.* at 3. The PCRA court regarded the instant filing as Appellant's fifth PCRA petition.

On April 30, 2018, the PCRA court issued a notice of intent to dismiss Appellant's petition without a hearing. *See* Pa.R.Crim.P. 907(1). Appellant responded by submitting a petition for a "right to know" request, which the court docketed on May 9, 2018, and an objection to the PCRA court's intent to dismiss, which the PCRA court docketed on May 24, 2018.[1] On May 29, 2018, the PCRA court dismissed Appellant's fifth PCRA petition.

Appellant timely appealed. The PCRA court did not order a Pa.R.A.P. 1925(b) statement.

Appellant presents the following questions in his *pro se* brief:

[1.] Did the [PCRA] court, the district attorney non-disclosure of discovery and lack of access to the records violated their obligation under the United States Fifth and Fourteenth Amendments Constitution, and Article 1 Section 9 of Pennsylvania Constitution?

[2.] Did [Appellant]'s writ of habeas corpus charge that 18 Pa.C.S. section 1102(a) is unconstitutional and void under the vagueness doctrine and did his layered abandonment of counsels' were deficients in their duties for failure to investigate, present, protect, and preserve [Appellant's] requests to challenging 18 Pa.C.S.A.

_____

[1] In his objection to the PCRA court's Rule 907 notice, Appellant asserted that he discovered a news article discussing controversial police interrogation techniques and that he was being denied "his constitutional rights to access to . . . records/discovery." Appellant's Obj. to Notice of Intent to Dismiss, 5/24/18, at 1-2. Appellant has not developed a claim based on the news article regarding police interrogation techniques.

- 4 -

1102(a)-104(3)(4), an illegal sentencing statutes during both direct appeal and PCRA appeal by not including in their 1925(b) statement thus, entitled petitioner the exception to the PCRA timeliness requirement under 9543(a)(2)(viii)(1-4)?

[3.] Did layered abandonment of counsels of records created and caused absolute prejudice to [Appellant's] absolute right to effective assistance of counsel protected to him by the United States 5th, 6th, and 14th Amendments Constitution, and Article 1 Section 9, and v.section 9 of Pennsylvania Constitution when [Appellant] requested layered abandonment of counsel of records to file various motions, 1925(b) statement, brief and file ineffectiveness against each other, and not explaining the one-year PCRA to be filed in one year?

Appellant's Brief at iv (unpaginated) (full capitalization omitted).[2]

We summarize Appellant's arguments as follows.  First, Appellant argues that he has not been able to obtain access to records, which constitutes governmental interference and a violation of the Commonwealth's duties to disclose exculpatory evidence under **Brady v. Maryland**, 373 U.S. 83 (1963).  **Id.** at 7-8.  Second, Appellant argues he was abandoned by all counsel.  **Id.** at 16.  He also contends prior counsel should have preserved a claim that 18 Pa.C.S § 1102(a) is unconstitutionally vague and asserted the ineffectiveness of each preceding counsel.  **Id.** at 16, 18.  Third, for the first time in his brief, Appellant argues that he is unlawfully confined because the Department of Corrections does not have a copy of a written sentencing order.  **Id.** at 11.  We address each argument below.

---

[2] We exclude the cover sheet, table of contents, and table of authorities when referring to the page number of the introductory portion of Appellant's brief. Appellant's own pagination of his brief begins with the "statement of the case."

Our standard of review is well-settled. The dismissal of a PCRA petition is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted).

"[T]he timeliness of a PCRA petition is a jurisdictional [pre]requisite." **Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa. Super. 2015). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). However, courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).[3]

---

[3] Moreover, a petitioner must file his petition within sixty days of the date the claim could have been presented. **See** 42 Pa.C.S. § 9545(b)(2).

Appellant does not dispute that the instant fifth PCRA petition was not filed within one year of his conviction becoming final and that he must satisfy one of the exceptions to the PCRA time bar. Therefore, we consider his arguments that he established an exception to the time bar.

As to Appellant's assertion that he was denied access to public records, it is well settled that to meet the governmental interference exception, a petitioner must plead and prove that (1) "the failure to previously raise the claim was the result of interference by government officials," and (2) "the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008) (citation omitted). To successfully raise the newly discovered facts exception to the PCRA time bar, a petitioner must show that (1) "the facts upon which the claim was predicated were unknown" and (2) the facts "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii).

The Pennsylvania Supreme Court has acknowledged that a *Brady* claim may fall between a claim of governmental interference under Section 9545(b)(1)(i) and of the discovery of a previously unknown fact under Section 9545(b)(1)(ii). *See Abu-Jamal*, 941 A.2d at 1268.

> Although a *Brady* violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence. Section 9545(b)(1)(ii)'s exception requires the facts upon which the *Brady* claim is predicated were not previously known to the

petitioner and could not have been ascertained through due diligence. . . . [W]e clarified that § 9454(b)(1)(ii)'s exception does not contain the same requirements as a ***Brady*** claim, noting "we made clear the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the 'facts' upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence."

***Id.*** (citations omitted).

Pennsylvania Rule of Criminal Procedure 902 states that "no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances." Pa.R.Crim.P. 902(E)(1). Further, "[d]iscovery in PCRA proceedings cannot be used as an excuse for engaging in a 'fishing expedition.'" ***See Commonwealth v. Edmiston***, 65 A.3d 339, 353 (Pa. 2013) (citation omitted).

Instantly, the sole "fact" on which Appellant relies is his inability to obtain "public records." Appellant's claim fails for several reasons. First, Appellant fails to refer to any extraordinary circumstances warranting discovery under Pa.R.Crim.P. 902(E)(1). Second, Appellant does not explain why the records would be necessary to present a claim for PCRA relief, let alone assert some fact in those records were previously unknown and could not have been obtained through the exercise of reasonable diligence. Third, Appellant does not establish why he could not have sought the records earlier. Accordingly, we conclude that Appellant failed to establish a PCRA time-bar exception based on the alleged limitations placed on his access to public records.

As to Appellant's argument that he was abandoned by all prior counsel, we note that in **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007), the Pennsylvania Supreme Court held that the abandonment of a client by counsel constitutes a "fact" within the meaning of Section 9545(b)(1)(ii). **Bennett**, 930 A.2d at 1274. For purposes of Section 9545(b)(1)(ii), abandonment means the complete deprivation of the petitioner's right to review by a court. **See Commonwealth v. Peterson**, 192 A.3d 1123, 1131 (Pa. 2018) (citation omitted). A "partial deprivation of review," such as the failure to preserve a specific issue, does not constitute abandonment. **See id.** (citing **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000) (holding that prior PCRA counsel's failure to develop an issue was not a previously unknown fact under Section 9545(b)(1)(ii)). Furthermore, **Bennett** does not relieve a petitioner from exercising due diligence when discovering the fact of counsel's abandonment. **See Bennett**, 930 A.2d at 1274.

Instantly, Appellant has failed to establish that he exercised any due diligence in discovering prior counsel's ineffectiveness. Moreover, the record belies his claim of abandonment. For example, in Appellant's direct appeal, this Court addressed the merits of Appellant's claims that the evidence was insufficient to sustain his conviction, that Appellant was acting under a diminished capacity, and that trial counsel was ineffective for failing to raise a defense of intoxication. **See Commonwealth v. Clayborne**, 3321 Philadelphia 1992 (Pa. Super. filed Aug. 9, 1993) (unpublished mem.). Appellant's petition for allowance of appeal was denied. **Commonwealth v.**

*Clayborne*, 655 A.2d 510 (Pa. 1994). Additionally, in his first PCRA petition, this Court again affirmed on the merits of his appeal. *Commonwealth v. Clayborne*, 3468 Philadelphia 1996 (Pa. Super. filed May 8, 1997). Again, the Pennsylvania Supreme Court denied allowance of appeal. *Commonwealth v. Clayborne*, 704 A.2d 1380 (Pa. 1997). Therefore, it is apparent that Appellant cannot claim that prior counsels' actions or inactions resulted in a complete deprivation of his right to review. Accordingly, Appellant's assertions of abandonment do not constitute a basis to invoke Section 9545(b)(1)(ii).[4] *See Peterson*, 192 A.3d at 1131; *accord Gamboa-Taylor*, 753 A.2d at 785.

Lastly, Appellant asserts that he is being held by the Department of Corrections without a proper written sentencing order.[5] However, Appellant has waived this claim by failing to present it to the trial court. *See* Pa.R.A.P. 302(a). Even if we were to address this claim, however, we would find it meritless, as the record contains a written sentencing order signed by the trial judge. To the extent Appellant alleges that the Department of Correction is

---

[4] We note that Appellant also asserts that the sentencing provision for murder is unconstitutional. However, because Appellant failed to assert a time-bar exception, neither the PCRA court nor this Court has jurisdiction to address the merits of that claim. *See Brown*, 111 A.3d at 175; *see also Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." (citation omitted)).

[5] We note that a claim that a petitioner is being held without a written sentencing order has been considered under the *habeas corpus* statute and not the PCRA. *See Joseph v. Glunt*, 96 A.3d 365, 369 (Pa. Super. 2014).

unable to produce a written sentencing order, that claim would not merit relief.

***See Joseph v. Glunt***, 96 A.3d 365, 369, 372 (Pa. Super. 2014).

Order affirmed.

Judge Ott joins the memorandum.

Judge Strassburger concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/18